FILED
SUPERIOR COURT
OF GUAM

2023 MAR 31 PM 2: 19

CLERK OF COURT

BY: _____

# IN THE SUPERIOR COURT OF GUAM

## SMALL CLAIMS DIVISION

| | |
|---|---|
| **DAVID M. CRUZ, JR.** | **SMALL CLAIMS CASE NO. SD0348-21** |
| **Plaintiff,** | |
| vs. | **DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| **ANICETO M. SERRANO,** | |
| **Defendant.** | |

This matter came before Magistrate Judge Jonathon R. Quan on September 30, 2022 for a hearing on Defendant Aniceto M. Serrano's ("Defendant") Motion for Summary Judgment ("Motion"). Plaintiff David M. Cruz Jr ("Plaintiff") appeared *Pro Se*. Defendant Aniceto M. Serrano was present and was represented by Minakshi Hemlani, Esq. After the hearing on the Motion, the Court took the matter under advisement. After reviewing the record and relevant law, the Court finds that Plaintiff failed to provide specific facts indicating a genuine issue for trial. The Motion for Summary Judgment is therefore **GRANTED**.

## UNDISPUTED FACTS

Plaintiff filed this case before the Superior Court of Guam, Small Claims Division, alleging $8,000.00 in vehicle damages resulting from a traffic accident. *See* Plaintiff's December 10, 2021

Declaration. According to the initial Guam Police Department ("GPD") Traffic Crash Report dated October 8, 2021, a motor vehicle accident occurred on October 8, 2021 between a 1992 Nissan Sentra and a 2010 Lexus. The initial GPD report names Defendant as the registered owner of the 1992 Nissan Sentra and the Plaintiff as the registered owner of the 2010 Lexus. It also notes that the driver of the Nissan fled the scene and recommended that the report remain open and "forwarded to the Highway Patrol Division ("HPD") for their information and follow up." *See* Declaration/GPD Traffic Crash Report, December 10, 2021.

GPD conducted the additional investigation and interviewed Defendant where he informed GPD officers that he sold his Nissan Sentra to "Exodus and Rina" on September 8, 2021. Declaration/GPD Traffic Crash Report, December 10, 2021. The Defendant additionally stated that when he sold the car that "Rina" informed the Defendant that they will take care of the transfer. *Id.* The Defendant also provided a Deletion Endorsement from Defendant's auto insurer, All Insurance Services, Inc. dba All Insurance Adjusters, claims representative of Great National Insurance Underwriters, Inc., stating that his vehicle was sold on or before October 2, 2021. Mot. Summ. J. Ex. B (Jul. 18, 2022). Additionally, the insurance provider denied the Plaintiff's claim due to the fact that the policy had been deleted "due to the vehicle being sold." *Id.* Ex. B.

Additionally, the Defendant provided an "Affidavit of Aniceto M. Serrano" (stamp filed October 3, 2022) and "Affidavit of Roberto L. Manalac" (stamp filed October 3, 2022) confirming the aforementioned.

## DISCUSSION

Under Rule 56(a) of the Guam Rules of Civil Procedure ("GRCP"), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file,

2

together with other affidavits, if any, show there is no genuine issue of material fact that the moving party is entitled to a judgment as a matter of law." The court may rely upon a declaration to support the motion so long as it is "made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." GRCP 56(c)(4). If, after adequate time for discovery, the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," then summary judgment is required. *Kim v. Hong*, 1997 Guam 11 ¶ 8. When deciding a motion for summary judgment, "the court must draw inferences and view the evidence in a light most favorable to the non-moving party." *Flores*, 2004 Guam 25 ¶ 7.

Summary judgment is proper only where there is no genuine dispute as to any material fact. GRCP 56(a). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Bank of Guam v. Flores*, 2004 Guam 25 ¶ 30 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Whether a fact is material is determined by the governing substantive law; if the fact may affect the outcome, it is material. However, "[f]actual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Here, it is undisputed that Defendant was not driving the car when it caused damage to the Plaintiff's vehicle. It is also undisputed that the Defendant sold the car on or about September 29, 2021 and canceled the insurance policy on October 2, 2021. Ex. C. Plaintiff does not raise any evidence to the contrary but rather the Plaintiff raises that the car was not properly transferred

under 16 GCA § 7144. This argument does not undermine the fact that the Defendant sold the car because the endorsed certificate is in the possession of the purchasers and under 16 GCA § 7146(b) the burden to transfer car registration within ten (10) days lies with the new owner. The Defendant was told by "Rina" that "they will take care of the 'transfer.'" Ex. A. The Plaintiff has not produced any evidence of material fact disputing that the Defendant was not the owner of the vehicle on October 8, 2021 when the crash occurred, and therefore not the proper party to the Plaintiff's claim. Accordingly, there is no genuine issue as to any material fact and the Defendant is entitled to a judgment as a matter of law.

## CONCLUSION

Accordingly, the Court hereby **GRANTS** Defendant's Motion for Summary Judgment as to Plaintiff's claim for $8,000.00 in vehicle damages.

**SO ORDERED**, this 27th day of March, 2023.

HONORABLE JONATHON R. QUAN
Magistrate Judge, Superior Court of Guam